**HUNTER PYLE, SBN 191125**
**NATALIA RAMIREZ LEE, SBN 322017**
HUNTER PYLE LAW
1300 Broadway Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
Emails: hunter@hunterpylelaw.com;
　　　　nramirezlee@hunterpylelaw.com

Attorneys for Plaintiffs
WARREN LEGARIE and LEGARIE MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN LEGARIE, an individual, and LEGARIE MANAGEMENT, INC., a California Corporation,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>NICHOLAS DAVID NURSE, an individual,<br><br>　　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**<br><br>**1. BREACH OF CONTRACT;**<br>**2. PROMISSORY ESTOPPEL;**<br>**3. COMMON COUNT;**<br>**4. DECLARATORY RELIEF; and**<br>**5. AN ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs WARREN LEGARIE ("MR. LEGARIE") and LEGARIE MANAGEMENT, INC. complain and allege as follows:

## INTRODUCTION

1. This is an action brought against Defendant NICHOLAS DAVID NURSE ("Defendant NURSE") for his breach of an oral representation contract entered into with Plaintiffs WARREN LEGARIE ("MR. LEGARIE") and LEGARIE MANAGEMENT, INC. (collectively ("Plaintiffs").

2. Defendant NURSE requested that Plaintiffs represent him in employment contract negotiations with the Toronto Raptors basketball team ("Toronto Raptors"). Defendant NURSE agreed to pay Plaintiffs a commission for their services. Plaintiffs then negotiated on behalf of Defendant NURSE.

3. Plaintiffs performed all of their obligations under the representation contract. Defendant NURSE then breached the representation contract, and now refuses to pay Plaintiffs the commissions that he owes.

4. Plaintiffs therefore bring claims against Defendant NURSE for: (1) breach of contract; (2) promissory estoppel; (3) common count; (4) declaratory relief; and (5) an accounting.

## PARTIES

5. MR. LEGARIE is an adult resident of California. MR. LEGARIE is the Founder, Shareholder and President of LEGARIE MANAGEMENT, INC.

6. LEGARIE MANAGEMENT, INC. is a California Corporation which conducts business as WLG Management with its principal place of business located at 1108 Masonic Avenue, San Francisco, California 94117. LEGARIE MANAGEMENT, INC. represents top coaches, front office personnel and executives across the National Basketball Association ("NBA").

7. Defendant NURSE is the Head Coach of the Toronto Raptors. Upon information and belief, Defendant NURSE is a resident of a State other than California.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action under 28 U.S.C. sections 1332(a) and 1441(a), in that it is a civil action between citizens of different States, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. MR. LEGARIE is a citizen of California.

10. LEGARIE MANAGEMENT, INC. is a California corporation with its principal place of business located at 1108 Masonic Avenue, San Francisco, California 94117.

11. Upon information and belief, Defendant NURSE is a citizen of a State other than California.

12. Therefore, the diversity element of 28 U.S.C. section 1332(a) is satisfied because there is complete diversity.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. sections 2201 and 2202.

14. Venue is proper in the Northern District of California pursuant to 28 U.S.C. section 1391(b) because MR. LEGARIE resides in this District, LEGARIE MANAGEMENT, INC.'s principal place of business is in this District, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

### Intradistrict Assignment

15. Intradistrict assignment to the Oakland or San Francisco Division is proper pursuant to Local Rule 3-2(d) because a substantial part of the events giving rise to this action occurred in San Francisco.

## STATEMENT OF THE CASE

16. For the past approximately 20 years, Plaintiffs have represented top coaches, front office personnel and executives across the NBA, garnering national and international public recognition.

17. In or around 2013, Plaintiffs entered into an oral representation contract to represent Defendant NURSE in employment contract negotiations with NBA basketball teams. Under the

terms of the representation contract, Plaintiffs offered to represent Defendant NURSE in exchange for a three percent (3%) commission on all of Defendant NURSE's Head Coach contracts and a four percent (4%) commission on all Assistant Coach contracts. Defendant NURSE agreed to those terms.

18. In 2013, Plaintiffs began to represent Defendant NURSE in contract negotiations with the Toronto Raptors basketball team. Under Plaintiffs' representation, Defendant NURSE's employment contracts with the Toronto Raptors significantly increased in value from year to year, and in 2018 Defendant NURSE became the Head Coach of the Toronto Raptors.

19. Under the terms of their oral representation contract, Plaintiffs invoiced Defendant NURSE at a four percent (4%) rate on Defendant NURSE's 2015-2016, 2016-2017 and 2017-2018 employment contracts and at a three percent (3%) rate on Defendant NURSE's 2018-2019 employment contract. These invoices noted Plaintiffs' representation contract with Defendant NURSE.

20. The amounts invoiced by Plaintiffs were paid.

21. In June of 2019 the Toronto Raptors won the NBA Championship. Shortly thereafter, Plaintiffs began to negotiate an extension of Defendant NURSE's employment with the Toronto Raptors. Between approximately June 2019 and April 2020, Plaintiffs had multiple meetings and discussions with Defendant NURSE; Masai Ujiri, President of the Toronto Raptors; and Bobby Webster, General Manager for the Toronto Raptors regarding a potential four (4) year contract extension through the 2024-2025 season and a renegotiation of the 2020-2021 season contract.

22. In or around April of 2020, after Plaintiffs had performed work over a period of nine months in order to negotiate the potential four year contract extension and renegotiation of the 2020-2021 season contract, Defendant NURSE breached his representation contract with Plaintiffs and instructed Plaintiffs to not proceed in any further negotiation discussions involving Defendant NURSE's employment with the Toronto Raptors.

23. In approximately September of 2020, as a result of Plaintiffs' representation of Defendant NURSE and the series of negotiation efforts undertaken by Plaintiffs, Defendant NURSE entered into a contract extension with the Toronto Raptors through the 2023-2024 season.

24. Upon information and belief, Defendant NURSE's 2020-2021 season contract with the Toronto Raptors was adjusted from two million, nine hundred and ten thousand dollars ($2,910,000.00) to a sum between six million dollars ($6,000,000.00) and eight million dollars ($8,000,000.00).

25. Upon information and belief, Defendant NURSE's 2021-2022, 2022-2023, and 2023-2024 season contract with the Toronto Raptors is for a sum of approximately eight million dollars ($8,000,000.00) per season.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### (All PLAINTIFFFS against DEFENDANT NURSE)

26. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

27. Plaintiffs and Defendant NURSE entered into an oral representation contract.

28. Plaintiffs did all, or substantially all of the significant things that the contract required them to do.

29. Defendant NURSE was not excused from the performance of his obligations under the representation contract.

30. All conditions required for Defendant NURSE'S performance of his obligations under the representation contract occurred.

31. Defendant NURSE failed to do certain things required by the representation contract. Among other things, Defendant NURSE failed to abide by the terms of the representation contract, failed to pay Plaintiffs the amounts due under the representation contract, and failed to disclose to Plaintiffs the amount of the employment contract he entered into with the Toronto Raptors for the 2020-2021 through 2023-2024 NBA seasons, thus denying Plaintiffs the opportunity to be paid for

1  commissions owed on Defendant NURSE's employment contract for the 2020-2021 through 2023-
2  2024 NBA seasons.

3      32.    Plaintiffs were harmed by Defendant NURSE'S failure to perform his obligations
4  under the representation contract.

5      33.    As a proximate result of the acts of Defendant NURSE, Plaintiffs have suffered past
6  and future economic loss in an amount according to proof.

7      WHEREFORE, Plaintiffs pray for judgment against Defendant NURSE as set forth below.

**SECOND CAUSE OF ACTION**
**PROMISSORY ESTOPPEL**
**(All PLAINTIFFS Against DEFENDANT NURSE)**

10      34.    The allegations of each of the preceding paragraphs are realleged and incorporated
11  herein by reference.

12      35.    The required elements for promissory estoppel in California are set forth in *Thomson*
13  *v. Internat. Alliance of Stage Employees*, 232 Cal. App. 2d 446, 454 (1965). They are: (1) a promise
14  clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) that
15  the reliance is both reasonable and foreseeable; and (4) that the party asserting the estoppel has been
16  injured by his reliance.

17      36.    Defendant NURSE promised Plaintiffs that he would pay commissions on all
18  employment contracts negotiated by Plaintiffs at four percent (4%) on Assistant Coach contracts
19  and three percent (3%) on Head Coach contracts.

20      37.    Plaintiffs relied on these promises, and Plaintiffs' reliance was both reasonable and
21  foreseeable.

22      38.    Defendant NURSE failed to perform his promises.

23      39.    Plaintiffs were harmed by Defendant NURSE'S failure to perform his promises.

24      40.    As a proximate result of the acts of Defendant NURSE, Plaintiffs have suffered
25  damages in an amount according to proof.

26      WHEREFORE, Plaintiffs pray for judgment against Defendant NURSE as set forth below.

## THIRD CAUSE OF ACTION
## COMMON COUNT
### (All PLAINTIFFS Against DEFENDANT NURSE)

41. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

42. Defendant NURSE requested, by words and conduct, that Plaintiffs perform representation services on his behalf and for his benefit.

43. Within the last two (2) years, in San Francisco, California, Plaintiffs performed services, including negotiating employment contracts on Defendant NURSE'S behalf, at the request of Defendant NURSE.

44. Defendant NURSE has not paid the reasonable value of the requested services.

45. The fair and reasonable value of the services provided to Defendant NURSE by Plaintiffs shall be determined according to proof.

WHEREFORE, Plaintiffs pray for judgment against Defendant NURSE as set forth below.

## FOURTH CAUSE OF ACTION
## DECLARATORY RELIEF
### (All PLAINTIFFS Against DEFENDANT NURSE)

46. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

47. Plaintiffs are contractually and legally entitled to bill and be paid for commissions owed on Defendant NURSE'S employment contracts for the 2020-2021 through 2023-2024 NBA seasons.

48. Defendant NURSE has denied Plaintiffs their right to be paid for commissions owed on Defendant NURSE'S employment contracts for the 2020-2021 through 2023-2024 NBA seasons.

49. A present, actual and justiciable controversy exists between Plaintiffs and Defendant NURSE concerning Plaintiffs' contractual right to be paid commissions owed on Defendant NURSE'S employment contracts for the 2020-2021 through 2023-2024 NBA seasons.

50. Because the present and actual controversy concerning Plaintiffs' contractual entitlement to be paid commissions owed on Defendant NURSE'S employment contracts for the 2020-2021 through 2023-2024 NBA seasons is ripe for judicial determination, a judicial determination of the parties' respective rights and obligations is necessary and appropriate.

51. Accordingly, Plaintiffs seek a declaration that pursuant to the oral representation contract entered into with Defendant NURSE, Defendant NURSE is required to pay Plaintiffs commissions on the employment contracts entered into with the Toronto Raptors for the 2020-2021 through 2023-2024 NBA seasons.

WHEREFORE, Plaintiffs pray for judgment against Defendant NURSE as set forth below.

**FIFTH CAUSE OF ACTION**
**AN ACCOUNTING**
**(All PLAINTIFFS Against DEFENDANT NURSE)**

52. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

53. Plaintiffs are unaware of the exact amounts owed or to be owed to them by Defendant NURSE on monies that Defendant NURSE has earned or will earn and has or will receive from the Toronto Raptors during 2020-2021 through 2023-2024 NBA seasons. The information necessary to ascertain those amounts is within Defendant NURSE's control.

54. Upon information and belief, a full and complete accounting of all sums and consideration that Defendant NURSE has and will obtain from commissionable employment contracts will demonstrate what additional monies are due owing under the oral representation contract.

55. The full amount of money due from Defendant NURSE to Plaintiffs cannot be ascertained without a full and complete accounting of sums and consideration realized by Defendant NURSE. Defendant NURSE has access to such information, but this information has not and will not be provided to Plaintiffs. Moreover, Plaintiffs do not have access to all such information.

56. Accordingly, Plaintiffs seek an accounting of those amounts.

WHEREFORE, Plaintiffs pray for judgment against Defendant NURSE as set forth below.

## DAMAGES

WHEREFORE, Plaintiffs request relief from Defendant NURSE, in an amount exceeding $75,000, as follows:

1. For compensatory damages for past and future unpaid commissions, according to proof;
2. For payment of the amounts due from Defendant NURSE to Plaintiffs as a result of the accounting;
3. For pre-judgment interest at the maximum rate permitted by law;
4. The costs of suit incurred herein;
5. A declaratory judgment that pursuant to the representation contract entered into by Plaintiffs and Defendant NURSE, Defendant NURSE is required to pay Plaintiffs commissions on the employment contracts entered into with the Toronto Raptors for the 2020-2021 through 2023-2024 NBA seasons; and
6. For such other and further relief as the Court may deem just and proper.

DATED: June 22, 2021

HUNTER PYLE LAW

By: /s/ Hunter Pyle
    Hunter Pyle
    Natalia Ramirez Lee

Attorneys for Plaintiffs
WARREN LEGARIE and LEGARIE MANAGEMENT, INC.

**DEMAND FOR JURY TRIAL**

Plaintiffs WARREN LEGARIE and LEGARIE MANAGEMENT, INC hereby demand a jury trial in this matter for all claims so triable.

DATED: June 22, 2021                    HUNTER PYLE LAW

                                                By: /s/ Hunter Pyle
                                                     Hunter Pyle
                                                     Natalia Ramirez Lee

                                                Attorneys for Plaintiffs
                                                WARREN LEGARIE and LEGARIE
                                                MANAGEMENT, INC.